Johnny GREGORY, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 09–114L.

United States Court of Federal Claims.

Dec. 29, 2011.

Thomas S. Stewart, with whom were Elizabeth G. McCulley, Brent Baldwin, J. Robert Sears and Steven M. Wald, Baker Sterchi Cowden & Rice, LLC, St. Louis and Kansas City, Missouri, for Plaintiffs.

Joshua A. Doan, with whom was Ignacia S. Moreno, Assistant Attorney General, Environmental & Natural Resources Division, Natural Resources Section, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

WHEELER, Judge.

Before the Court is Plaintiffs' motion for reconsideration of the Court's October 12, 2011 opinion and order regarding 331 rails-to-trails property claims addressed in the

parties' cross-motions for summary judgment. *See Gregory v. United States,* 101 Fed.Cl. 203, 204–05 (2011). Plaintiffs timely filed their motion pursuant to Rule 59(b) of the Court of Federal Claims ("RCFC"). For the reasons set forth below, Plaintiffs' motion is GRANTED in part and DENIED in part.

The Court is able to grant Plaintiffs' motion in part because of a stipulation that the parties entered after issuance of the October 12, 2011 opinion and order. The parties have stipulated that the Ripley Railroad Charter applies to the claims in Category I. D, as well as to part of claim 31 and part of claim 133. In light of this stipulation, the Court concludes that the Railroad acquired an easement in the parcels in Category I.D and in the pertinent parts of parcels 31 and 133. Accordingly, Plaintiffs' motion for summary judgment on claims 34, 35, 65, 66, 67A, 67B, 141, 154B, 154C, and the pertinent parts of claims 31 and 133 is GRANTED, and Defendant's motion for summary judgment on those claims is DENIED.

## BACKGROUND

On December 1, 2011, Plaintiffs filed a motion for reconsideration, requesting the Court to reconsider its interpretation of sections 8 and 9 of the Gulf & Ship Charter and its conclusion that the Charter authorized the Railroad to contract for an easement *or* fee title. In Plaintiffs' view, "the Charter ... compels the conclusion that the railroad could only obtain an easement for its right-of-way pursuant to said Charter." (Pls.' Mot. 2, Dec. 1, 2011, Dkt. No. 81) (hereinafter "Pls.' Mot."). Defendant filed a response to Plaintiffs' motion for reconsideration on December 16, 2011. In its response, the Government contends that Plaintiffs have not met the "high threshold for reconsideration," as they have not shown that the controlling law has changed, that new evidence has become available since the Court issued its opinion, or that reconsideration is necessary to avoid a manifest injustice. (Def.'s Resp. 1, Dec. 16, 2011, Dkt. No. 83) (hereinafter

"Def.'s Resp."). On December 21, 2011, Plaintiffs filed a reply in further support of their motion for reconsideration, asserting that they filed their motion to correct a clear error of law and not merely to restate arguments previously made. (Dkt. No. 84) (hereinafter "Pls.' Repl.").

In Plaintiffs' motion and reply, Plaintiffs also stipulated that the Ripley Railroad Charter applies to all parcels the Railroad obtained by adverse possession, including the nine parcels in Category I.D (34, 35, 65, 66, 67A, 67B, 141, 154B, and 154C), as well as parcels 31, 112, 133 and 196. (Pls.' Mot. at 9–12); (Pls.' Repl. at 2.)[1] The Government agreed to stipulate that the Ripley Railroad Charter applies to the parcels in Category I.D and the portion of parcels 31 and 133 that the Railroad acquired pursuant to section 3094 of the 1906 Code of Mississippi, but not as to parcels 112 and 196. (Def.'s Resp. at 1–2.)

## DISCUSSION

### I. *Motion for Reconsideration*

 Pursuant to RCFC 59(a)(1), it is within the Court's discretion to grant a motion for reconsideration. *See Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). The moving party must show the presence of "extraordinary circumstances which justify relief." *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 300 (1999), *aff'd* 250 F.3d 762 (Fed.Cir. 2000) (internal citation omitted). The showing "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States,* 82 Fed.Cl. 373, 376 (2008) (internal citations omitted). "Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest in-

---

1. Plaintiffs acknowledge in their reply that their motion for reconsideration as to claim 170 was improper, as the Court already granted summary judgment in favor of Defendant on that claim. (Pls.' Repl. at 2.) Instead, Plaintiffs state that their motion for reconsideration should have been made for claim 133 and stipulate that the Ripley Railroad Charter applies to claim 133. *Id.*

justice." *Alli v. United States,* 86 Fed.Cl. 33, 34 (2009) (internal citations omitted).

■■■■ Plaintiffs' arguments relating to sections 8 and 9 of the Gulf & Ship Charter do not persuade the Court to reconsider its decision. In their motion, Plaintiffs challenge the Court's conclusion that the Gulf & Ship Charter authorized the Railroad to contract for an easement *or* fee title. (Pls.' Mot. at 2); *see Gregory,* 101 Fed.Cl. at 209–10. Instead, "Plaintiffs believe the Charter, including [sections 8 and 9], compels the conclusion that the railroad could obtain an easement for its right-of-way pursuant to said Charter." (Pls.' Mot. at 2.) Plaintiffs already made, *see* (Pls.' Mem. 8, June 20, 2011, Dkt. No. 59), and the Court already considered and rejected, *see Gregory,* 101 Fed.Cl. at 209–10, this argument in its October 12, 2011 opinion. In requesting reconsideration, Plaintiffs do not rely on an intervening change in the law or previously unavailable evidence but simply restate their interpretation of the Gulf & Ship Charter—an interpretation already rejected by this Court. Accordingly, Plaintiffs have not demonstrated the presence of circumstances justifying reconsideration under RCFC 59.

## II. Category I.D Claims and the Pertinent Parts of Claims 31 and 133 [2]

In its previous opinion, the Court concluded that issues of material fact made it inappropriate to resolve the category I.D claims and part of claims 31 and 133 by summary judgment. *See Gregory,* 101 Fed.Cl. at 215, 222, 223. Specifically, the Court noted that to reach a decision on those claims, it would need to know which railroad charter applies to said claims. *Id.* at 215. In response, the parties have stipulated that the Ripley Railroad Charter applies to the Category I.D claims and to the portion of claims 31 and 133 that the Railroad acquired pursuant to section 3094. *See* (Pls.' Mot. at 1–12); (Def.'s

Resp. at 3); (Pls.' Repl. at 2). In light of their stipulation, the Court finds that the parties' cross-motions for summary judgment as to the claims in Category I.D and the remainder of claims 31 and 133 are ready for decision.

The parties had stipulated previously that section 3094 of the 1906 Code of Mississippi is the relevant conveyance instrument for the Category I.D claims (34, 35, 65, 66, 67A, 67B, 141, 154B, and 154C), *see* (Def.'s Resp. to Pls.' Proposed Additional Facts, July 21, 2011, Dkt. No. 70), a portion of claim 31, *see* (Pls.' Mem. 46, June 20, 2011, Dkt. No. 49); (Def.'s Mem. 25, July 21, 2011, Dkt. No. 68), and a portion of claim 133 (Pls.' PFUF, Ex. A). Section 3094, now codified at section 15–1–13 of the Mississippi Code, provides:

> (1) Ten (10) years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten (10) years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title . . . .

The Court was satisfied in its previous opinion that Mississippi Tennessee Holdings, LLC ("MTH") and its predecessor-in-interest, Gulf, Mobile & Northern Railroad Company ("GM & N Railroad") were "claiming" to own the land as required by section 3094, such that "full and complete title" would vest in MTH or its predecessor. *Gregory,* 101 Fed.Cl. at 214. Section 3094 is not clear, however, as to whether the claimant receives "full and complete title" to a fee or an easement. State laws vary widely in determining if a railroad, by adverse possession, obtains fee ownership or merely a prescriptive easement, *see* 10–78 Powell on Real Property § 78A.06 (2011), and Mississippi state courts have not ruled directly on the issue, *see Gregory,* 101 Fed.Cl. at 214–15. According-

---

2. The parties previously stipulated that both the Cooper deed and section 3094 of the 1906 Code of Mississippi pertain to claim 31, *see* (Pls.' Mem. 46, June 20, 2011, Dkt. No. 59); (Def.'s Mem. 25, July 21, 2011, Dkt. No. 68), and that the Cruse deed and section 3094 pertain to claim 133, (Pls.' PFUF, Ex. A). For the reasons stated in Part B(1) of its opinion, the Court granted Defen-

dant's motion for summary judgment as to the portion of claim 31 governed by the Cooper deed and as to the portion of claim 133 governed by the Cruse deed. *Gregory,* 101 Fed.Cl. at 222, 223. Accordingly, in this opinion and order, the Court resolves the remainder of claims 31 and 133, namely the portions governed by section 3094 of the 1906 Code of Mississippi.

634

ly, the Court seeks guidance in the applicable railroad charter.

As explained in the previous opinion, simply because a charter authorizes a railroad to acquire fee title through eminent domain does not lead inexorably to the conclusion that the railroad can acquire fee title through adverse possession. *See id.* at 215. However, if a charter prohibits a railroad from acquiring fee title through eminent domain (in which case the railroad would be required to pay the landowner just compensation), it would be unreasonable to assume that the railroad could acquire fee title through adverse possession (where the railroad would not be required to pay the landowner just compensation). Thus, if the applicable railroad charter prohibits the Railroad from acquiring fee title in the case of eminent domain, it is reasonable to assume that the Railroad would be prohibited from acquiring fee title in the case of adverse possession.

■ As noted, the parties have stipulated that the Ripley Railroad Charter applies to the parcels the Railroad acquired by adverse possession, namely the parcels in Category I.D and the remainder of parcels 31 and 133. Notably, the Ripley Railroad Charter did not allow the Ripley Railroad to acquire fee title to land when it exercised its power of eminent domain. Section 7 of the Ripley Charter provides:

> That if the said company cannot agree with the *owner of the land through which they desire said road to pass, ...* a jury of twelve disinterested freeholders of the county ... shall ... justly and fairly value the damage which the *owner or owners* will sustain by the *use or occupation of the land,* materials or property required by said company; and the jury estimating damages, if the ground occupied by the road, shall take into estimate the benefit resulting to the *owner or owners.*

1871 Miss. Laws 268, 274 (emphasis added). This language, as well as other provisions in the Charter, indicate that when the Ripley Railroad condemned land, the original landowners maintained ownership, while the Railroad acquired only an easement to use or occupy the land. Although the Mississippi courts have not directly addressed this issue,

the Court thinks it reasonable to limit the Railroad's prescriptive rights to whatever could be obtained through eminent domain. Thus, the Court finds that the Railroad obtained only an easement in the parcels in Category I.D, as well as in the remainder of parcels 31 and 133. Moreover, for the reasons set forth in Part B(3)(a)(ii) of its October 12, 2011 opinion, *Gregory,* 101 Fed.Cl. at 219–22, the Court concludes that the Plaintiffs owning parcels 34, 35, 65, 66, 67A, 6713, 141, 15413, 154C, and the pertinent parts of parcels 31 and 133 are entitled to just compensation for the taking of their property interests.

*CONCLUSION*

Based upon the foregoing, Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part. With regard to claims 34, 35, 65, 66, 67A, 6713, 141, 15413, 154C, and the remainder of claims 31 and 133, Plaintiffs' motion for summary judgment is GRANTED, and Defendant's motion for summary judgment is DENIED. Counsel for the parties are requested to submit a joint status report on or before January 20, 2012, proposing a schedule for further proceedings in this case.

IT IS SO ORDERED.